**CITY OF WINONA, Respondent,**

v.

**MINNESOTA POLLUTION CONTROL AGENCY, petitioner, Appellant.**

**No. C3–89–70.**

Supreme Court of Minnesota.

Jan. 5, 1990.

Hubert H. Humphrey, III, Atty. Gen. and Ann W. Seha, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Thomas J. Radio, Mark F. Ten Eyck, Popham, Haik, Schnobrich & Kaufman, Minneapolis, and Richard F. Blahnik, Robertson, Blahnik & Jennings, Winona, for respondent.

SIMONETT, Justice.

In December 1988 the Minnesota Pollution Control Agency authorized the issuance of an air emission permit to the County of Winona for the building of a solid waste incinerator at a site within the City of Winona.

The City appealed the Agency's decision to the Minnesota Court of Appeals. In June 1989, the court of appeals reversed, vacating issuance of the permit, and re-

manded for preparation of a supplementary environmental impact statement and a contested case hearing. *In re Winona County Municipal Solid Waste Incinerator,* 442 N.W.2d 344, 350 (Minn.App.1989). The factual background of this proceeding is set out in the court of appeals' opinion.

The Agency has filed a petition for further review to this court only on the issue whether it should be required to conduct a contested case hearing. In other words, the Agency has accepted the vacation of the permit and has agreed to prepare a supplemental environmental impact statement, but it seeks reversal of that portion of the court of appeals' decision ordering a contested case hearing.

The Agency opposes a contested case hearing on a number of grounds, but it is enough for our purpose here to state that we agree with the Agency that ordering a contested case hearing at this time is premature.

As matters now stand, the Agency is preparing a supplementary environmental impact statement. The supplemental statement reopens the environmental review process. The City, of course, is able to participate in the development of the supplemental environmental impact statement and to make its views known as the review process proceeds. Based on the supplemental statement, the Agency will again have to make a preliminary determination on whether and on what conditions a permit for the proposed incinerator will issue. There will be a period for public comment, and requests for a contested case hearing may be made then. To order a contested case hearing at this time when there is no permit pending, when even the facts on which a decision yet to be made are unknown, would be premature.

The portion of the court of appeals' opinion remanding this matter for a contested case hearing is reversed.

Reversed.